AO 93C  (08/18)  Warrant by Telephone or Other Reliable Electronic Means

☑ Original          ❒ Duplicate O...



CLERK'S OFFICE
A TRUE COPY
Aug 06, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT

for the

Eastern District of Wisconsin

| | |
|---|---|
| In the Matter of the Search of<br>*(Briefly describe the property to be searched<br>or identify the person by name and address)*<br>information about the location of the cellular telephone<br>assigned call number 262-395-8798 (the "Target Cell Phone"),<br>whose service provider is Verizon, a wireless telephone<br>service provider headquartered in Bedminster, NJ. | )<br>)<br>)<br>)  Case No.  24-M-461 (SCD)<br>)<br>)<br>) |

## WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

To:      Any authorized law enforcement officer

An application by a federal law enforcement officer or an attorney for the government requests the search and seizure of the following person or property located in the _____Eastern_____ District of _____Wisconsin_____
*(identify the person or describe the property to be searched and give its location)*:

Please see Attachment A.

I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

Please see Attachment B.

**YOU ARE COMMANDED** to execute this warrant on or before _____8-20-24_____ *(not to exceed 14 days)*
❒ in the daytime 6:00 a.m. to 10:00 p.m.    ☒ at any time in the day or night because good cause has been established.

Unless delayed notice is authorized below, you must give a copy of the warrant and a receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to _____Honorable Stephen C. Dries_____.
*(United States Magistrate Judge)*

❒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*
❒ for _____ days *(not to exceed 30)*    ❒ until, the facts justifying, the later specific date of _____.

Date and time issued:   8-6-24. 10:45 am                    *Stephen C. Dries*
                                                            *Judge's signature*

City and state:          Milwaukee, WI          Honorable Stephen C. Dries, U.S. Magistrate Judge
                                                        *Printed name and title*

| **Return** | | |
|---|---|---|
| Case No.: | Date and time warrant executed: | Copy of warrant and inventory left with: |
| Inventory made in the presence of : | | |
| Inventory of the property taken and name(s) of any person(s) seized: | | |

| **Certification** |
|---|

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: _____

_____
*Executing officer's signature*

_____
*Printed name and title*

## ATTACHMENT A

### Property to Be Searched

1.      The cellular telephone assigned call number 262-395-8798 (the "Target Cell Phone"), whose service provider is Verizon, a wireless telephone service provider headquartered in Bedminster, NJ.

2.      Information about the location of the Target Cell Phone that is within the possession, custody, or control of Verizon, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

1

**ATTACHMENT B**

**Particular Things to be Seized**

1.     All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days from the date the warrant is signed, during all times of day and night.  "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

2.     To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon, Verizon is required to disclose the Location Information to the government.  In addition, Verizon must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

3.     This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

1



CLERK'S OFFICE
A TRUE COPY
Aug 06, 2024
s/ Mariah Kauder
Deputy Clerk, U.S. District Court
Eastern District of Wisconsin

# UNITED STATES DISTRICT COURT
## for the
### Eastern District of Wisconsin

In the Matter of the Search of
*(Briefly describe the property to be searched
or identify the person by name and address)*

information about the location of the cellular telephone assigned call number 262-395-8798 (the "Target Cell Phone"), whose service provider is Verizon, a wireless telephone service provider headquartered in Bedminster, NJ.

)
)
)
)
)
)
)

Case No. 24-M-461 (SCD)

## APPLICATION FOR A WARRANT BY TELEPHONE OR OTHER RELIABLE ELECTRONIC MEANS

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

Please see Attachment A.

located in the _____ Eastern _____ District of _____ Wisconsin _____ , there is now concealed *(identify the person or describe the property to be seized)*:

Please see Attachment B.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more)*:

☑ evidence of a crime;

❑ contraband, fruits of crime, or other items illegally possessed;

❑ property designed for use, intended for use, or used in committing a crime;

❑ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. § 841(a)(1) | distribution of fentanyl and cocaine |

The application is based on these facts:

Please see Affidavit.

☑ Continued on the attached sheet.

❑ Delayed notice of _____ days *(give exact ending date if more than 30 days:* _____ *)* is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

COLEMAN WILLIAMS   Digitally signed by COLEMAN WILLIAMS
Date: 2024.08.05 16:29:40 -05'00'

*Applicant's signature*

Coleman Williams, Special Agent - DEA

*Printed name and title*

Attested to by the applicant in accordance with the requirements of Fed. R. Crim. P. 4.1 by
_____ telephone _____ *(specify reliable electronic means)*.

Date: 8-6-24

*Judge's signature*

City and state: Milwaukee, WI     Honorable Stephen C. Dries, U.S. Magistrate Judge

*Printed name and title*

# AFFIDAVIT IN SUPPORT OF
# AN APPLICATION FOR A SEARCH WARRANT

I, Coleman Williams, being first duly sworn, hereby depose and state as follows:

## INTRODUCTION AND AGENT BACKGROUND

1.      I make this affidavit in support of an application for a search warrant under Federal Rule of Criminal Procedure 41 and 18 U.S.C. §§ 2703(c)(1)(A) for information about the location of the cellular telephone assigned call number 262-395-8798 (the "Target Cell Phone"), whose service provider is Verizon, a wireless telephone service provider headquartered in Bedminster, NJ. The Target Cell Phone is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

2.      I am a Special Agent with the Drug Enforcement Administration ("DEA").  I have been so employed since June 2020.  Prior to my employment with DEA, I was employed as a Special Agent with the United States Secret Service for approximately 2 years and ten months.

3.      As part of my duties as a DEA Special Agent, I investigate criminal violations relating to narcotics trafficking and money laundering offenses, including criminal violations of the Federal Controlled Substance laws, including, but not limited to Title 18, United States Code, Sections 1956, and 1957, and Title 21, United States Code, Sections 841, 843, 846, 848, 952 and 963.  I have been involved in electronic surveillance methods, the debriefing of defendants, informants, and witnesses, as well as others who have knowledge of the distribution, transportation, storage, and importation of controlled substances.

4.      I have received training in the area of narcotics investigations, money laundering, financial investigations, and various methods which drug dealers use in an effort to conceal and

1

launder the proceeds of their illicit drug trafficking enterprises. I have participated in investigations involving violations of narcotics laws.

5.      This affidavit is based upon my personal knowledge and upon information reported to me by other federal and local law enforcement officers during the course of their official duties, all of whom I believe to be truthful and reliable.  Throughout this affidavit, reference will be made to case agents.  Case agents are those federal, state, and local law enforcement officers who have directly participated in this investigation, and with whom your affiant has had regular contact regarding this investigation.

6.      I am an investigative or law enforcement officer of the United States within the meaning of Section 2510(7) of Title 18, United States Code, in that I am empowered by law to conduct investigations of and to make arrests for federal felony offenses.

7.      Based on the facts set forth in this affidavit, there is probable cause to believe that Marcus JENKINS has violated, and is continuing to violate, Title 21, United States Code, Section 841(a)(1) (distribution of controlled substances).  There is also probable cause to believe that the location information described in Attachment B will constitute evidence of this criminal offense and will lead to the identification of other individuals who are engaged in the commission of the offense with JENKINS.

**PROBABLE CAUSE**

8.      Beginning in June 2024, DEA investigators utilized a confidential source (hereinafter referred to as "CS") who had information on a subject who distributes counterfeit M30 pills suspected to be laced with fentanyl and distributes fentanyl in powder form in the Milwaukee metropolitan area. The subject was identified as Marcus JENKINS.  The CS also stated Marcus JENKINS' phone number is 262-395-8798 (the "Target Cell Phone").  In early July 2024, a DEA

2

investigator spoke telephonically with the CS. During the phone call, the CS provided information regarding JENKINS. The CS stated JENKINS told him/her that he has fentanyl for sale and he charges $40 per gram. The CS also stated that JENKINS has a local source in Milwaukee, Wisconsin, who travels to Chicago, Illinois, to replenish his drug stash.

9. Throughout the course of the investigation into JENKINS, case agents made a controlled buy of approximately one ounce of suspected fentanyl from Marcus JENKINS. Based on my training and experience, a "controlled buy" is a law enforcement operation in which an informant, also known as a confidential source, purchases drugs from a target. The operation is conducted using surveillance, usually audio and video taping equipment, and pre-recorded purchase money. When a confidential source is used, s/he is searched for contraband, weapons, and money before the operation. The confidential source is also wired with a concealed body recorder and/or a monitoring device. When the transaction is completed, the confidential source meets cases agents at a pre-determined meet location and gives the purchased drugs and the recording/monitoring equipment to the case agents. The confidential source is again searched for contraband, weapons, and money and then interviewed by the case agents about the drug transaction. A sample of the suspected drugs is then field tested by the case agents for the presence of controlled substances and then placed in inventory pursuant to normal inventory procedures. All of the calls to the target by the informants are consensually recorded calls under the direction and control of case agents and made in the presence of case agents. Additionally, case agents observe the informants dial the target's number on each occasion and the contact is verified through telephone records.

10. On August 1, 2024, the CS conducted a controlled buy of approximately 1 ounce of suspected fentanyl for $1,120 with JENKINS. JENKINS also gave the CS a free sample of

3

approximately 5 grams of suspected cocaine. During the controlled buy, the CS met with JENKINS in the parking lot of Pick n Save and Planet Fitness on Good Hope Road in Milwaukee, Wisconsin. After the controlled buy, the CS met with law enforcement. The CS advised that he/she purchased an ounce of suspected fentanyl for $1,200. The CS also stated JENKINS gave him/her a free sample of suspected cocaine. The CS relinquished the drugs to law enforcement.

11.     For several reasons, case agents believe the CS to be reliable and credible. First, the CS has been providing information on this investigation since June of 2024. Second, the information the CS has provided is substantially against the CS's penal interest. Third, the information provided by the CS is consistent with evidence obtained elsewhere in this investigation and portions of the CS's information has been corroborated through phone records and independent law enforcement investigation. The CS is cooperating for monetary compensation and the CS has one prior felony conviction. For these reasons, case agents believe the CS to be reliable.

12.     Based upon my training and experience, I know that individuals involved in drug trafficking use their cellular telephones to contact other drug dealers and drug purchasers, and that information relating to their telephones may show the areas in which they are trafficking drugs and the individuals who they are contacting to sell or distribute the drugs. Based upon the facts in this affidavit, there is probable cause to believe that JENKINS is engaging in the trafficking and distribution of fentanyl and cocaine, both controlled substances, and is utilizing the telephone number 262-395-8798, Target Cell Phone, to further this crime.

## CONCLUSION

13.     Based on all the forgoing, I submit that there is probable cause to believe that Marcus JENKINS is engaged in the distribution of fentanyl and cocaine, in violation of 21 U.S.C. § 841(a)(1). I further believe that evidence of this crime is likely to be found by tracking

4

the location of the cellular telephone assigned call number (262) 395-8798 (the "Target Cell Phone").

14.  In my training and experience, I have learned that Verizon is a company that provides cellular telephone access to the general public.  I also know that providers of cellular telephone service have technical capabilities that allow them to collect and generate at least two kinds of information about the locations of the cellular telephones to which they provide service: (1) E-911 Phase II data, also known as GPS data or latitude-longitude data, and (2) cell-site data, also known as "tower/face information" or cell tower/sector records.  E-911 Phase II data provides relatively precise location information about the cellular telephone itself, either via GPS tracking technology built into the phone or by triangulating on the device's signal using data from several of the provider's cell towers.  Cell-site data identifies the "cell towers" (i.e., antenna towers covering specific geographic areas) that received a radio signal from the cellular telephone and, in some cases, the "sector" (i.e., faces of the towers) to which the telephone connected.  These towers are often a half-mile or more apart, even in urban areas, and can be 10 or more miles apart in rural areas.  Furthermore, the tower closest to a wireless device does not necessarily serve every call made to or from that device.  Accordingly, cell-site data is typically less precise than E-911 Phase II data.

15.  Based on my training and experience, I know that Verizon can collect E-911 Phase II data about the location of the Target Cell Phone, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available.

16.  Based on my training and experience, I know that Verizon can collect cell-site data about the Target Cell Phone.

**AUTHORIZATION REQUEST**

17.     Based on the foregoing, I request that the Court issue the proposed search warrant, pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c).

18.     I further request, pursuant to 18 U.S.C. § 3103a(b) and Federal Rule of Criminal Procedure 41(f)(3), that the Court authorize the officer executing the warrant to delay notice until 30 days after the collection authorized by the warrant has been completed.  There is reasonable cause to believe that providing immediate notification of the warrant may have an adverse result, as defined in 18 U.S.C. § 2705.  Providing immediate notice to the subscriber or user of the Target Cell Phone would seriously jeopardize the ongoing investigation, as such a disclosure would give that person an opportunity to destroy evidence, change patterns of behavior, notify confederates, and flee from prosecution.  *See* 18 U.S.C. § 3103a(b)(1).  As further specified in Attachment B, which is incorporated into the warrant, the proposed search warrant does not authorize the seizure of any tangible property.  *See* 18 U.S.C. § 3103a(b)(2).  Moreover, to the extent that the warrant authorizes the seizure of any wire or electronic communication (as defined in 18 U.S.C. § 2510) or any stored wire or electronic information, there is reasonable necessity for the seizure for the reasons set forth above.  *See* 18 U.S.C. § 3103a(b)(2).

19.     I further request that the Court direct Verizon to disclose to the government any information described in Attachment B that is within the possession, custody, or control of Verizon for a time period of 30 days from the date the warrant is signed.  I also request that the Court direct Verizon to furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the information described in Attachment B unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may

6

be reasonably available, and at such intervals and times directed by the government. The government shall reasonably compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

20.    I further request that the Court authorize execution of the warrant at any time of day or night, owing to the potential need to locate the Target Cell Phone outside of daytime hours.

## ATTACHMENT A

### Property to Be Searched

1.      The cellular telephone assigned call number 262-395-8798 (the "Target Cell Phone"), whose service provider is Verizon, a wireless telephone service provider headquartered in Bedminster, NJ.

2.      Information about the location of the Target Cell Phone that is within the possession, custody, or control of Verizon, including information about the location of the cellular telephone if it is subsequently assigned a different call number.

1

**ATTACHMENT B**

**Particular Things to be Seized**

1.      All information about the location of the Target Cell Phone described in Attachment A for a period of thirty days from the date the warrant is signed, during all times of day and night.  "Information about the location of the Target Cell Phone" includes all available E-911 Phase II data, GPS data, latitude-longitude data, and other precise location information, as well as all data about which "cell towers" (i.e., antenna towers covering specific geographic areas) and "sectors" (i.e., faces of the towers) received a radio signal from the cellular telephone described in Attachment A.

2.      To the extent that the information described in the previous paragraph (hereinafter, "Location Information") is within the possession, custody, or control of Verizon, Verizon is required to disclose the Location Information to the government.  In addition, Verizon must furnish the government all information, facilities, and technical assistance necessary to accomplish the collection of the Location Information unobtrusively and with a minimum of interference with Verizon's services, including by initiating a signal to determine the location of the Target Cell Phone on Verizon's network or with such other reference points as may be reasonably available, and at such intervals and times directed by the government.  The government shall compensate Verizon for reasonable expenses incurred in furnishing such facilities or assistance.

3.      This warrant does not authorize the seizure of any tangible property.  In approving this warrant, the Court finds reasonable necessity for the seizure of the Location Information.  *See* 18 U.S.C. § 3103a(b)(2).

1